THOMAS COLLINS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 12, 1882.*

1. NEW TRIAL—*upon the evidence—in a criminal case.* In a criminal case, it is only when this court is able to say, from the insufficiency or unsatisfactory character of the evidence, there is clearly a reasonable and grave doubt of the guilt of the accused, that it will be justified in setting aside a conviction on the ground it is not supported by the evidence.

2. SAME—*on newly discovered evidence.* Newly discovered evidence which is merely cumulative and impeaching in its character, does not afford

ground for a new trial, except under special circumstances; and where it is not shown to the contrary, it will be assumed that the facts proposed to be proven by the alleged newly discovered witnesses were known to the party making the application, before the trial.

3. Juror—*whether objection availing on error when peremptory challenges are not exhausted.* In a criminal case, where the defendant was on trial upon a charge of robbery, a juror was challenged for cause, the ground of objection being that he could not understand the English language. Upon his examination the juror stated that he was a German; could read and speak English, but could not read writing in English. The challenge was disallowed in the court below, and the juror was sworn, and served as a juror in · the case. On error it was *held*, without inquiring whether the juror was incompetent on the ground suggested, that inasmuch as it did not appear that the accused had exhausted his peremptory challenges, or that he subsequently had occasion to do so, the objection was not well taken.

Writ of Error to the Criminal Court of Cook county; the Hon. John A. Jameson, Judge, presiding.

Messrs. E. & A. Van Buren, for the plaintiff in error.

Mr. Luther Laflin Mills, State's Attorney, for the People.

Mr.· Justice Mulkey delivered the opinion of the Court:

At the September term, 1881, of the Criminal Court of Cook county, Thomas Collins, John Grady and Burt Murphy were indicted for the robbery of Patrick Doyle. In November following they were tried before the court and a jury, and convicted, the jury fixing their punishment at confinement in the penitentiary at four years. A motion for a new trial having been overruled, they were severally sentenced by the court in pursuance of the verdict. To reverse this conviction as to Collins, the present writ of error is prosecuted.

That Doyle was robbed some time after 12 o'clock on the night of the 15th of September, 1881, is not questioned. Doyle is positive in his identification of the defendants as the perpetrators of the offence, and his testimony on this point is uncontradicted by any one except Collins, and Doyle's statements in most all other respects are fully corroborated by the other witnesses.

It appears that some time between 11 and 12 o'clock of the night of the robbery, the parties met at Murray's saloon, 265 South Clark street, and remained there until 12 o'clock, when, by order of the proprietor, they went out of doors, and the saloon was closed. While there Doyle was engaged in throwing dice for money, and drinking pretty freely. The evidence tends to show that both Doyle and Collins were drunk, yet, notwithstanding this, it is clear they were able to leave the saloon together, and the fact that Doyle gives so correct an account, as corroborated by all the witnesses present, of what transpired while he was in the saloon, and of how he occupied his time while there, affords conclusive evidence that he was not so drunk but that he fully understood what was going on, and we therefore do not attach so much importance to the evidence tending to show he was drunk, as counsel. His account of the affair is altogether reasonable, and it was for the jury to say whether it was true or not, and in view of the fact he is so strongly corroborated in other particulars, and that he is contradicted only by Collins as to the principal fact, we would not be justified in reversing the conviction on the ground the evidence does not sustain it. It is only when this court is able to say, from the insufficiency or unsatisfactory character of the evidence, there is clearly a reasonable and grave doubt of the guilt of the accused, that it will be justified in setting aside a conviction on this ground. Such we do not think is the case here. The objection, therefore, that the case should be reversed on the evidence, can not prevail.

It only remains to determine what, if any, errors of law were committed by the trial court which may have improperly influenced the jury, or otherwise contributed to the conviction of the accused.

It appears that in the selection of the jury a juror was challenged by the accused, on the ground he did not understand the English language. The juror stated on his exam-

ination that he was a German; could speak and read English, but could not read writing in English. The challenge was disallowed, and thereupon the juror was sworn, and served as a juror in the case, and this is assigned for error. Without stopping to inquire whether the juror was incompetent on the ground suggested, it is sufficient to say that it does not appear that the accused had exhausted his peremptory challenges, or that he subsequently had occasion to use all his peremptory challenges, and such being the case, under the authority of *St. Louis and Southeastern R. R. Co.* v. *Lux,* 63 Ill. 525, the objection is not well taken.

Various objections are made to the giving, refusing and modification of certain instructions. We perceive no error in the refusing of any instruction. While some of those given may not have been technically correct when considered separately, yet when all the instructions given, both for the People and the accused, are considered as a whole, we think they fairly presented the law of the case to the jury, and this is all the law requires.

It is further objected the court erred in refusing to grant a new trial on the ground of newly discovered testimony. We do not think so. It appears from the affidavits of Moyneham and Hopman, two of the newly discovered witnesses, that their testimony on a second trial would be merely cumulative and impeaching in its character, and it is well settled that such evidence does not warrant a new trial except under special circumstances, which do not appear here. As to the facts proposed to be proven by Watson, it appears from his affidavit they were acquired by him under such circumstances as to render him unworthy of belief. At the time of taking the affidavit he was confined, himself, in jail on a charge of robbery, and the facts proposed to be proven by him are, that he was present at the time of the robbery, and that it was committed by others than the accused. If convictions are to be set aside for testimony of this character,

coming from such quarters in great cities like Chicago, where crime is organized and robberies are of nightly occurrence, courts and law-abiding people may well despair of bringing such offenders to justice. But outside of this, for aught that appears, the facts proposed to be shown by Watson were known to the accused before the present trial, and we must assume that such is the fact, otherwise the contrary would have been shown—and this, by all the authorities, affords a conclusive reason why a new trial should not be granted, so far as his testimony is concerned.

Believing the conviction is warranted by the evidence, and perceiving no substantial error of law in the record, the judgment of the court below will be affirmed.

*Judgment affirmed.*